[Cite as *Toney v. Dept. of Rehab. & Corr.*, 2010-Ohio-1775.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD TONEY

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2008-11281

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging that employees of defendant assaulted him and then refused to provide him with medical attention following the alleged assault. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. This case arises out of a November 19, 2008 incident between plaintiff and several corrections officers (COs). On that day, plaintiff was placed in leg irons and handcuffs and escorted from his cell in the J-2 housing unit. At the direction of Corrections Sergeant Jason Joseph, plaintiff was taken to the J-Block sergeant's office at approximately 1:30 p.m. for a hearing concerning a "ticket" issued to plaintiff for a rule violation. Plaintiff testified that when he arrived in the office and was informed of the hearing he protested because he believed that he had been previously found not guilty on that violation. Plaintiff stated that when he asked to be returned to his cell, Joseph

put on leather gloves and punched him in the mouth.  According to plaintiff, he then ran out of the office and into the hallway where he was restrained, assaulted, and sprayed with chemical mace.  Although plaintiff was unsure of the identities of the staff members involved, he testified that there were "more than four," and that he suffered injuries to his right hand, head, and arms as a result.  Plaintiff further testified that when he was escorted back to his cell after the incident, Corrections Sergeant Joseph Kaut sprayed him with chemical mace without provocation.  According to plaintiff, he did not receive any medical attention for several days following the incident and he was denied his prescribed medication.

{¶ 3}   Joseph testified that Kaut, CO Gary Shepherd, and Renae Mills, plaintiff's mental health caseworker, were also in the sergeant's office at the time of the incident.  According to Joseph, after plaintiff informed him that the ticket had already been reviewed, he checked computerized records and determined that it had not.  Joseph stated that plaintiff became agitated and began yelling when he informed plaintiff that the ticket had not been reviewed.  Joseph testified that he ordered plaintiff to calm down and when plaintiff refused, he put on leather gloves in preparation to escort plaintiff back to his cell.  According to Joseph, plaintiff then spit on Joseph's face and neck and ran into the hallway.  Joseph stated that he pursued plaintiff into the hallway and "took him down," at which point other staff restrained plaintiff.  Joseph testified that he then returned to the sergeant's office, washed plaintiff's saliva off of his face and neck, and prepared an incident report and a conduct report.  (Defendant's Exhibits L and D.)

{¶ 4}   Shepherd testified that he was in the sergeant's office talking to Kaut when plaintiff arrived for the ticket review.  According to Shepherd, plaintiff spit on Joseph without provocation and he and Joseph pursued plaintiff into the hallway.  Shepherd stated that once plaintiff was restrained, he and Kaut escorted him back to his cell.  Shepherd testified that plaintiff attempted to spit on Kaut after they placed plaintiff in his cell, and that Kaut administered a short burst of chemical mace to plaintiff's face.

{¶ 5} Kaut also testified that he saw plaintiff spit on Joseph without provocation. He further testified that when Joseph and Shepherd ran after plaintiff, he remained behind to "secure" the sergeant's office, and that plaintiff was restrained by the time he entered the hallway. Kaut stated that he, Shepherd, and CO Peters escorted plaintiff to a "strip cage" in the J-2 unit and then to his assigned cell. According to Kaut, after plaintiff was put back in his cell, he attempted to spit on Shepherd and Peters, prompting Kaut to administer a short burst of chemical mace.

{¶ 6} CO Craig Neff testified that he aided in restraining plaintiff in the hallway after he ran from the sergeant's office. Neff stated that he was in the hallway and observed plaintiff being chased by other COs and saw them "take him to the ground." Neff also stated that he aided in escorting plaintiff to J-2 but left the area before plaintiff was placed in the strip cage.

{¶ 7} Corrections Lieutenant Nathaniel Miller testified that he participated in the Rules Infraction Board (RIB) proceedings that were convened as a result of the conduct reports issued to plaintiff after this incident. Miller testified that during the proceedings, he and the two other RIB members interviewed plaintiff and reviewed a video recording that shows plaintiff running from the sergeant's office and into the hallway with Shepherd and Joseph giving chase. (Plaintiff's Exhibit 1.) However, the video does not show the initial incident in the sergeant's office or the officers restraining plaintiff in the hallway. Miller stated that the RIB found plaintiff guilty of spitting on Joseph. (Defendant's Exhibit A.)

{¶ 8} The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶ 9} "(2)                          Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶ 10} "(a)                              Self-defense from physical attack or threat of physical harm;

{¶ 11} "(b)                              Defense of another from physical attack or threat of physical attack;

{¶ 12} "(c)                              When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶ 13} "(d)                              When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶ 14} "(e)                              Prevention of an escape or apprehension of an escapee; or

{¶ 15} "(f)                              Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 16} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 17} Based upon the above testimony, the court finds that plaintiff's recounting of events is not credible when compared to the testimony of Joseph, Kaut, and Shepherd. It is clear that plaintiff initiated the incident when he spit on Joseph and fled the sergeant's office. The court further finds that after he was restrained, plaintiff attempted to spit on the staff members who escorted him to his cell which prompted Kaut to administer a short burst of chemical mace. Based upon these findings, the court determines that defendant's employees did not use excessive force to subdue

plaintiff and protect themselves from harm.  Accordingly, judgment is recommended in favor of defendant with regard to plaintiff's assault claims.

{¶ 18} With regard to plaintiff's medical claim, Rhonda Stalnaker, the SOCF healthcare administrator, testified that plaintiff's medical records show that he was examined by a nurse following the incident and that the nurse prepared a report stating that plaintiff had a scratch on his right hand and pain in his wrists, but no active bleeding.  (Defendant's Exhibit O.)  Stalnaker stated that such a report is only generated after a nurse examines an inmate, and that the examination can be done either in the infirmary or at "cell front" with the nurse observing and talking to an inmate through the window or bars of a cell door.  The latter procedure is used if there is a security risk and the reported injuries are not severe.

{¶ 19} Stalnaker's testimony establishes that plaintiff was examined by a nurse soon after the incident.  Additionally, plaintiff offered no expert testimony to establish the relevant standard of care or to demonstrate that the treatment he received after the incident was inadequate or improper.  Accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____

MATTHEW C. RAMBO
Magistrate

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Gerald Toney, #571-982
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950

MR/cmd
Filed April 16, 2010
To S.C. reporter April 21, 2010